UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA FIELDS and F.L., a minor,<br>Plaintiffs,<br>v.<br>FRESNO UNIFIED SCHOOL DISTRICT, et. al.,<br>Defendants. | Case No. 1:25-cv-00802-JLT-HBK<br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS'EX PARTE APPLICATION<br>(Doc. 45)<br>THIRTY-DAY DEADLINE |

Plaintiffs seeks leave to serve Defendant Xai Torres by first-class and certified mail. (Doc. 45, "Motion"). Plaintiffs submit the declaration of Attorney Elias Aguiniga with an exhibit in support of the Motion. (Doc. 45-1). Because Plaintiffs have not shown that service by mail with acknowledgement of receipt under California Code of Civil Procedure § 415.30 was attempted or could not be accomplished, the application is denied without prejudice.

BACKGROUND

Plaintiffs proceed on their Third Amended Complaint ("TAC"), which asserts claims arising from minor Plaintiff's F.L.'s asthma attack on a Fresno Unified School District ("FUSD") campus. (Doc. 25). Defendant FUSD filed an Answer on August 19, 2026. (Doc. 37). Counsel for Defendant FUSD waived service of summons forms for the individual Defendants Misty Her, Michelle Parker, and Amy Idsvoog. (Doc. 41). These Defendants were granted an extension of

time to November 5, 2026 to file a response to the TAC. (Doc. 44). Torres is the only defendant who has not been served.

According to counsel's declaration, Plaintiffs attempted personal service thirteen times between September 10 and October 17, 2026, at an address identified as both Torres' residence and place of business. (Doc. 45-1 at 2). Eight attempts occurred on October 17 between 6:06 a.m. and 10:10 a.m. (*Id.*). All attempts were unsuccessful. (*Id.*).

Counsel also contacted Nick Webb, an attorney who represents Torres in other matters. Webb declined to accept service but offered to forward the documents to Torres "as a professional courtesy." (*Id.* at 3). Counsel emailed the documents to Webb on September 9, 2026, but received no response from Mr. Webb or Torres. (*Id.*).

APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure Rule 4(e)(1) permits service on an individual under the law of the state where the district court sits or service is made. California law authorizes, among other methods, personal service, substituted service, and service by mail with acknowledgment of receipt. Cal. Civ. Proc. §§ 415.10, 415.20, 415.30, 415.40, 415.50.

When service cannot be accomplished through reasonable diligence by the prescribed methods, § 413.30 permits the Court to authorize service in a manner reasonably calculated to give actual notice. A plaintiff seeking such relief must detail the attempts to serve the defendant by each prescribed method and explain why those methods were unsuccessful at locations where the defendant is likely to be found. *Id.* § 413.30(a)(2).

Reasonable diligence requires the steps that a person who genuinely desired to provide notice would have taken under the circumstances. *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). It entails a "a thorough, systematic investigation and inquiry conducted in good faith." *Watts v. Crawford*, 10 Cal.4th 743, 749 n.5 (1995).

////

////

////

## III. DISCUSSION

Plaintiffs' unsuccessful attempts demonstrate reasonable diligence in attempting personal service under § 415.10. The reported absence of anyone at Torres' residence and place of business also supports Plaintiff's contention that substituted service under § 415.20 could not be accomplished.

The declaration, however, does not identify any attempts to serve Torres by mail with acknowledgement of receipt under § 415.30 or explain why that method could not be accomplished. Forwarding documents to an attorney who expressly declined to accept service does not establish an attempt to serve Torres under that provision.

Court authorization is unnecessary to attempt service under § 415.20 and/or service by first-class mail with acknowledgment of receipt under § 415.30. *See Hunter v. Carter*, 2025 WL 3718849, at *3 (E.D. Cal. Dec. 23, 2025) ("this means plaintiff does not need the court's leave to serve someone through substitute service as permitted by California law"); *Optima Direct, LLC v. Yageo America Corp*., 2021 WL 6051738, at *2 n.3 (N.D. Cal. Dec. 21, 2021) (noting it is unnecessary to request to mail a copy of papers because California law expressly authorizes service by first-class mail with written acknowledgement of receipt, and "should [plaintiff] seek leave again for alternate service, it will need to establish that mail service was not fruitful."). Before seeking an alternative method under § 413.30, Plaintiffs must establish that service by the prescribed methods was unsuccessful despite reasonable diligence.

Because Plaintiffs have not addressed service under § 415.30, they have not made the showing required for alternative service. The Court therefore denies the application without prejudice and extends the time to serve Torres so Plaintiffs may cure this deficiency.

Accordingly, IT IS ORDERED:

1. Plaintiffs' ex parte application for alternate on Defendant Xai Torres (Doc. 45) is DENIED WITHOUT PREJUDICE.
2. The deadline for serving Torres is extended to thirty (30) days after entry of the Order. Within that period, Plaintiffs shall file one of the following: (1) Proof of service; (2) A renewed application for alternative service supported by a declaration addressing

the deficiencies identified above; or (3) A request for a further extension supported by good cause.

Dated: November 4, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE